Noura ZOUBAIR, Appellee,

v.

UNITED ARAB EMIRATES, Crown Prince Court, Medical Affairs Office and United Arab Emirates, 1255 22nd Street, NW, Suite 700, Washington, D.C., Appellants.

No. 01–7044.

United States Court of Appeals, District of Columbia Circuit.

Oct. 10, 2002.

Before EDWARDS, ROGERS, and GARLAND, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. It is

*ORDERED AND ADJUDGED* that the appeal be dismissed for want of jurisdiction.

The appeal is dismissed because this court has no jurisdiction to consider it. Under 28 U.S.C. § 1291, the jurisdiction of the court of appeals over district court actions is limited to review of "final decisions." There is no "final decision" in this case, because the District Court has yet to decide whether United Arab Emirates ("UAE") is immune from suit pursuant to the Foreign Sovereign Immunities Act ("FSIA") on appellee's breach of contract claim, and the District Court has yet to determine whether UAE is a "person" susceptible to suit under the D.C. Human Rights Act ("DCHRA"). Whether UAE can be sued under the DCHRA depends on whether UAE is a "person" for the purpose of the DCHRA, a question yet to be addressed by the District Court. And whether UAE is immune from suit under the FSIA depends on whether appellee's employment was "commercial activity" under the Act, an issue yet to be resolved by the District Court. If the District Court resolves the FSIA issue against appellee, the appellee's DCHRA claim against UAE will fail as well; if, however, the District Court resolves the FSIA issue against UAE, a question will remain as to whether UAE is subject to liability under the DCHRA. Furthermore, UAE's attempt to gain interlocutory review by characterizing the matter as amenable to review under the "collateral order" doctrine, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), fails because the District Court has not "conclusively determine[d] the disputed question" relating to either the DCHRA or the FSIA. 437 U.S. at 468. Accordingly, the appeal is dismissed for want of jurisdiction and the case is hereby remanded to the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.